**Vitali E. LEMEKHOV, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–73848, A70–542–995.**

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.[†]

Decided Sept. 1, 2004.

---

\* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect this caption.

† This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Madan Ahluwalia, Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Jennifer L. Lightbody, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Vitaly Lemekhov seeks review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) denial of Lemekhov's request for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158, 1231(b)(3). We review the factual determinations of the BIA for "substantial evidence." *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (2003); 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary....."). The parties are familiar with the facts of this case, so we do not repeat them here.[1]

The BIA conducted a de novo review of the record and issued a decision on the merits dismissing Lemekhov's appeal. Our review is therefore limited to the BIA's decision. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1160 (9th Cir.1999). We review factual determinations for sub-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have jurisdiction under section 106 of the INA, codified at 8 U.S.C. § 1105a(a)(1) (1996), amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because the final order of deportation in this case was filed after October 30, 1996, and the cas was pending on April 1, 1997, the BIA's decision is reviewed under the transitional rules of IIRIRA. *Id.*; IIRIRA § 309(c), codified at 8 U.S.C. § 1101.

stantial evidence, and reverse an adverse asylum determination only if it is not supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The BIA first held that Lemekhov did not meet his burden of establishing past persecution on account of a protected ground, and therefore retained the burden to prove he had a well-founded fear of persecution. The BIA next held that Lemekhov failed to prove a well-founded fear of persecution because he did not present evidence sufficient "to overcome the State Department reports detailing the dramatic changes that have occurred in Russia since the events described by" Lemekhov. Lemekhov petitioned for review both conclusions.

▮ Lemekhov's past experiences that might amount to persecution on account of a protected ground are the 1984 beating, the 1985 institutionalization, the 1988 expulsion from the university, and the 1988 firing for refusing to work as a KGB informant. Assuming those incidents were past persecution on account of Lemekhov's political opinion, the government bears the burden of showing that "[t]here has been a fundamental change in circumstances such that" Lemekhov no longer has a well-founded fear of persecution in Russia 8 C.F.R. § 208.13(b)(1)(i)(A). The record contains three relevant reports: Country Reports on Human Rights Practices in Russia (2000); Russia—Profile of Asylum Claims and Country Conditions (1997); and the Russia Country Report on Human Rights Practices for 1998. These reports establish that Russia's political structure has changed dramatically since 1992. Le-

mekhov consequently does not have a well-founded fear of persecution on the basis of his anti-communist beliefs should he return.[2]

▮ Lemekhov also points to extortion and related threats between 1990 and 1992 as support for his claim of past persecution. There is no compelling evidence in the record, however, that Lemekhov was targeted for extortion because of his political opinions. Accordingly, there is at least substantial evidence for the BIA's conclusion that the extortion and threats were not persecution on account of a protected ground. We, therefore, need not reach the issue of changed country conditions as to a well-founded fear of persecution based on those incidents.

For the foregoing reasons, we deny the petition.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Lemekhov's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

**2.** Because both the IJ and the BIA addressed the changed country conditions issue and provided their interpretation of the documents in the record, we do not need to remand to the BIA. *Compare INS v. Ventura*, 537 U.S. 12, 17,

123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (requiring remand to the BIA to consider the "changed circumstances" issue where the BIA had expressly declined to consider the issue originally).